THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:18-cr-00031-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) vs. ) ) ROBERT WALLACE, ) ) Defendant. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)" [Doc. 30].

**I.  BACKGROUND**

In July 2018, the Defendant Robert Wallace pled guilty to one count of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [Doc. 15]. On December 18, 2018, the Court imposed a sentence of 84 months' imprisonment. [Doc. 28]. The Defendant is currently incarcerated at FCI Edgefield, and his release date is March 27, 2024.[1]

---

[1] See https://www.bop.gov/inmateloc/ (last visited April 19, 2021).

The Defendant now moves for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing the ongoing COVID-19 pandemic and his increased susceptibility to the virus. [Doc. 30 at 10-11]. The Defendant also cites "the change in the guidelines and the resulting sentencing disparity" as a basis for his request. [Id. at 10].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). By its plain language, § 3582(c)(1)(A) makes clear that a defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any response before filing a motion for a sentence reduction. Further, the Court of Appeals for the Fourth Circuit has held that a district court lacks the authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d

2

233, 235 (4th Cir. 2010).[2]  The Defendant has the burden of demonstrating that he has complied with the requirements of § 3582 or that exhaustion of such remedies would be futile.  See United States v. Freshour, No. 5:06-cr-00013-KDB-DCK, No. 2020 WL 3578315, at *1 (W.D.N.C. July 1, 2020) (Bell, J.).

Here, the Defendant indicates in his motion that he submitted a compassionate release request to the warden of his facility on February 23, 2021, but he does not indicate whether he ever received a response to that request.  [See Doc. 30 at 3 (leaving blank the options for responding to "Was your request denied by the Warden?")].  Further, the written request made by the Defendant to the Warden of FCI Edgefield on February 23, 2021 references only his increased susceptibility to COVID-19 due to various underlying medical conditions; it does not reference his contention that extraordinary and compelling reasons exist for a sentence reduction

---

[2] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule.  This Court, however, need not decide that issue in order to resolve the present motion.  Either way, the Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court.  See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

3

because recent amendments to the Sentencing Guidelines have resulted in unwarranted sentencing disparities. [See Doc. 30-1].

The language of Section 3582(c)(1)(A) is clear: Before a defendant may seek a modification of his sentence in the courts, the defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any response before filing a motion for a sentence reduction. Thus, it does not appear on the face of the Defendant's motion that the Defendant has complied with the requirements of the statute, and the Court cannot grant the requested relief. Accordingly, the Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is denied without prejudice.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)" [Doc. 30] is **DENIED WITHOUT PREJUDICE** to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier.

**IT IS SO ORDERED.**

Signed: April 19, 2021

Martin Reidinger
Chief United States District Judge